FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 01 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GARY NEAL WEDDINGTON, INMATE NO. 41885, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:09-CV-2612-CAM |
| KENNETH SUMNER and STEVE ROBERT ROTELLA, Defendants | : : : : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

Plaintiff, currently confined at Coastal State Prison in Garden City, Georgia, states that on December 31, 2008, he was arrested by Defendant Steve Robert Rotella, a Clayton County homicide detective and charged with aggravated assault. (Doc. 1 at ¶ IV). Plaintiff alleges that a witness to the crime made a written statement which stated that Plaintiff "hit him with something." (Id.). Plaintiff claims that Rotella changed that written statement by inserting the word "knife." (Id.).

On March 13, 2009, Plaintiff parole was revoked for committing the crime of theft by shoplifting and failing to pay the victim's compensation fee.[1] (Id.). Plaintiff states that he signed a waiver of final hearing form because Defendant Kenneth Sumner, a Georgia State Parole Officer working in the Jonesboro Parole Office, told him that a hearing would result in Rotella testifying about the aggravated assault charge. (Id.). Plaintiff was also told by Sumner that he would "strike" the aggravated assault charge if Plaintiff signed the waiver. (Id.) The aggravated assault charge was ultimately dismissed. (Id.).

---

[1] Plaintiff is now serving two life sentences for two armed robbery convictions and sentences ranging from 10 to 20 years for other crimes. (www.dcor.state.ga.us).

3

Plaintiff also states that his possible involvement in a homicide was being investigated by Rotella. (Id.) As of the date Plaintiff executed this civil rights action, September 16, 2009, he has not been charged with committing a homicide. (Id.).

Plaintiff contends that Rotella violated the Fourth and Fourteenth Amendment, presumably by having him arrested for aggravated assault. (Id. at ¶ V). Plaintiff also contends that Sumner violated Plaintiff's due process rights by his "acts." (Id.). Finally, Plaintiff claims that Sumner and Rotella conspired to violate his rights under the Fourth, Eighth and Fourteenth Amendments. (Id.). Plaintiff seeks money damages in the amount of $32,500,000.00. (Id.)

The Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus before he can recover money damages in a civil action alleging malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a

4

warrant, indictment, information, summons, parole revocation, conviction or other judgment"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Plaintiff's parole revocation has not been reversed. Therefore, he may not recover damages from Sumner for his actions related to the parole revocation.

While the aggravated assault charge was dismissed, Plaintiff must also show that that dismissal was not based on "a compromise or agreement" in order to pursue damages against Rotella. Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Plaintiff allegations indicate that the aggravated assault charge was dismissed after he agreed to waive a final parole revocation hearing, and thus, he has not satisfied the Heck precondition to filing suit for malicious prosecution. Even if the charges were dropped for another reason, Plaintiff must also show that his arrest was unlawful. McClish v. Nugent, 483 F.3d 1231, 1250 (11th Cir. 2007). The change in the witness statement which Rotella allegedly made was not substantive. In other words, the alleged original statement by the witness does not in any manner suggest that Plaintiff was arrested without probable cause.

A civil action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under Heck," he is permitted to raise his claim in a new civil rights action. Id. at 165 n.3. Accordingly, this action should be summarily dismissed.

III. Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Doc. 1] is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] **GRANTED**.

**IT IS SO ORDERED**, this ___ day of Oct. ___, 2009.

CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)